## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLAXOSMITHKLINE LLC, TESARO, INC., and MERCK SHARP & DOHME LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> NATCO PHARMA LTD. and NATCO PHARMA USA LLC, <br><br> *Defendants*. | Civil Action No. _____ |

## COMPLAINT

GlaxoSmithKline LLC ("GSK"), TESARO, Inc. ("TESARO"), and Merck Sharp & Dohme LLC ("Merck"; together with GSK and TESARO, "Plaintiffs"), by their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, against Defendants Natco Pharma Ltd. ("Natco Ltd.") and Natco Pharma USA LLC ("Natco USA") (collectively, "Natco").

2.      Plaintiffs invented and developed, and GSK markets, Zejula® (niraparib) tablets for the treatments of several types of cancer.  This action arises out of Natco Ltd.'s submission of Abbreviated New Drug Application ("ANDA") No. 221116 (the "Natco ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell niraparib tablet products in 100 mg, 200 mg, and 300 mg strengths (the "Natco ANDA Product") prior to the expiration of U.S. Patent Nos. 11,091,459 and 11,673,877 (collectively, the "Patents-in-Suit").

– 1 –

## PARTIES

3.       GSK is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 2929 Walnut Street, Ste. 1700, Philadelphia, Pennsylvania 19104.

4.       TESARO is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1000 Winter Street, Waltham, Massachusetts 02451, and is a wholly-owned subsidiary of GSK.

5.       Merck is a limited liability company formed and existing under the laws of New Jersey, with its principal place of business at 126 East Lincoln Avenue, Rahway, New Jersey 07065.

6.       Upon information and belief, Natco Ltd. is a corporation organized and existing under the laws of India, with its principal place of business at Natco House, Road No. 2, Banjara Hills, Hyderabad, India 50034.

7.       Upon information and belief, Natco USA, is a corporation organized and existing under the laws of Delaware, with its principal place of business at Suite C100, 300 Interpace Parkway, Parsippany, New Jersey 07054.

8.       Upon information and belief, Natco Ltd., itself and through its subsidiaries and agents, develop, manufacture, market, distribute, and/or import pharmaceutical products for sale and use through the United States, including in Delaware.

9.       Upon information and belief, Natco USA is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in Delaware.

10.       Upon information and belief, Natco USA is a subsidiary of Natco Ltd. and operates under its direction and control.

11.     Upon information and belief, the Natco ANDA was submitted for the benefit of Natco USA, and Natco USA will distribute the Natco ANDA Product in the United States, including in Delaware, upon any FDA approval of the Natco ANDA.

12.     Upon information and belief, following any FDA approval of the Natco ANDA, Natco will make, use, offer to sell, and/or sell the Natco ANDA Product that is the subject of the Natco ANDA throughout the United States, including in Delaware, and/or import such generic products into the United States, including into Delaware.

## JURISDICTION AND VENUE

13.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.     This Court has personal jurisdiction over Natco USA at least because Natco USA is a corporation organized and existing under the laws of Delaware.

15.     This Court has personal jurisdiction over Natco Ltd. because, among other things, Natco Ltd. has committed, contributed to, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. §§ 271(a), (b) and/or (c), including in Delaware. These acts have led and will lead to foreseeable harm and injury to Plaintiffs.  For example, upon information and belief, following approval of the Natco ANDA, Natco Ltd. either directly or indirectly through affiliated companies or agents, will make, use, import, sell, and/or offer for sale the Natco ANDA Product in the United States, including in Delaware, prior to the expiration of the Patents-in-Suit.

16.     The Court also has personal jurisdiction over Natco Ltd. because, among other things, this action arises from actions of Natco Ltd. directed toward Delaware, and because

Natco Ltd. has purposefully availed itself of the rights and benefits of Delaware law by engaging

in systematic and continuous contacts with Delaware.  Upon information and belief, Natco Ltd.

regularly and continuously transacts business within Delaware, including by selling

pharmaceutical products in Delaware either directly or indirectly through affiliated companies or

agents, such as Natco Pharma USA LLC.  Upon information and belief, Natco Ltd. derives

substantial revenue from the sale of those products in Delaware and has availed itself of the

privilege of conducting business within Delaware.

17.     The Court also has personal jurisdiction over Natco Ltd. pursuant to Federal Rule

of Civil Procedure 4(k)(1) or 4(k)(2) because: (a) Natco Ltd. is subject to the general jurisdiction

of the laws of Delaware; and (b) to the extent that Natco Ltd. is not subject to personal

jurisdiction in the courts of any state, Plaintiffs' claims arise under federal law and Natco Ltd.

has sufficient contacts with the United States as a whole, including but not limited to marketing

and/or selling generic pharmaceutical products that are distributed and sold throughout the

United States, such that this Court's exercise of jurisdiction over Natco Ltd. satisfies due

process.

18.     Natco Ltd. and Natco USA have previously availed themselves of this forum for

the purpose of litigating its patent infringement disputes.  For example, Natco Ltd. and/or Natco

USA have filed counterclaims in this forum, including in:

- *Novartis Pharmaceuticals Corporation et al. v. Natco Pharma Ltd*., C.A. No. 15-987-LPS (D. Del.);

- *Pharmacyclics LLC et al. v. Alvogen Pine Brook LLC and Natco Pharma Ltd.*., C.A. No. 19-434-CFC-CJB (D. Del.); and

- *Fresenius Kabi USA, LLC et al. v. Natco Pharma USA LLC*, C.A. No. 24-472-GBW (D. Del.).

19.     Venue is proper in this Court as to Natco Ltd. under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Natco Ltd. is a foreign corporation and may thus be sued in any judicial district.

20.     Venue is proper in this Court as to Natco USA under 28 U.S.C. § 1400(b) because, *inter alia*, Natco USA is incorporated in Delaware.

## BACKGROUND

21.     Zejula® (niraparib) is an orally available poly (ADP-ribose) polymerase (PARP) inhibitor that the FDA has approved for: (1) the maintenance treatment of adult patients with advanced epithelial ovarian, fallopian tube, or primary peritoneal cancer who are in a complete or partial response to first-line platinum-based chemotherapy and whose cancer is associated with homologous recombination deficiency-positive status defined by either: (a) a deleterious or suspected deleterious *BRCA* mutation and/or (b) genomic instability; and (2) maintenance treatment of adult patients with deleterious or suspected deleterious germline *BRCA*-mutated (g*BRCA*mut) recurrent epithelial ovarian, fallopian tube, or primary peritoneal cancer who are in a complete or partial response to first-line platinum-based chemotherapy.

22.     Zejula® is the first approved first-line maintenance targeted therapy approved for the treatment of all adult patients with advanced recurrent epithelial ovarian, fallopian or primary peritoneal cancer associated with HRD-positive status due to genomic instability regardless of *BRCA* mutation status.  Zejula® represents a significant milestone in the treatment of ovarian cancer.  Zejula® is an important step in personalized cancer treatment and offers a new maintenance therapy option to patients with recurrent ovarian cancer.  Zejula® has contributed and contributes significantly to the improvement of cancer patient care in the United States.

23.    GSK markets Zejula® in the United States, including in Delaware, pursuant to New Drug Application (NDA) No. 214876, which was approved by the FDA on April 26, 2023. GSK holds the NDA for Zejula®.

24.    Zejula® is a commercial embodiment of the Patents-in-Suit and practices one or more of the claims of the Patents-in-Suit.  All Patents-in-Suit have been properly listed in connection with Zejula® in the FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations*, referred to as the "Orange Book."

## PATENTS-IN-SUIT

25.    U.S. Patent No. 11,091,459 (the "'459 Patent"), titled "Niraparib Compositions" (Ex. A), was duly and legally issued on August 17, 2021, and will expire on March 27, 2038. Merck and TESARO jointly own the '459 Patent.

26.    U.S. Patent No. 11,673,877 (the "'877 Patent"), titled "Niraparib Compositions" (Ex. B), was duly and legally issued on June 13, 2023, and will expire on March 27, 2038. Merck and TESARO jointly own the '877 Patent.

## NATCO'S INFRINGEMENT OF THE PATENTS-IN-SUIT

27.    By letter dated January 8, 2026, Natco Ltd. notified GSK, TESARO, and Merck that Natco Ltd. had submitted the Natco ANDA to the FDA seeking approval to market niraparib tablets (100 mg, 200 mg, and 300 mg) (the "Notice Letter").  GSK, TESARO, and Merck received the Notice Letter on January 9, 2026.

28.    By submitting the Natco ANDA, Natco Ltd. has represented to the FDA that the Natco ANDA Product has the same active ingredient as Zejula®, has the same dosage form and strength as Zejula®, and is bioequivalent to Zejula®.

29.     Natco Ltd. stated in the Notice Letter that the Natco ANDA included a paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) with respect to the Patents-in-Suit and alleged that the Patents-in-Suit are invalid or will not be infringed by the commercial manufacture, use, or sale of the Natco ANDA Product.  Accordingly, upon information and belief, Natco Ltd. had knowledge of the Patents-in-Suit no later than when the Natco ANDA was submitted to the FDA.

30.     The Notice Letter further stated that Natco Ltd. is seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the Natco ANDA Product before the Patents-in-Suit expire.  Accordingly, upon information and belief, Natco intends to engage in the manufacture, use, offer for sale, sale, and/or importation of the Natco ANDA Product immediately and imminently upon approval of the Natco ANDA.

31.     This action is being commenced before the expiration of 45 days from the date of Plaintiffs' receipt of the Notice Letter.

## CLAIMS FOR RELIEF

### COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 11,091,459

32.     Each of the preceding paragraphs 1-31 is incorporated as if fully set forth herein.

33.     Natco Ltd.'s submission of the Natco ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Natco ANDA Product before the expiration of the '459 Patent constituted an act of infringement of at least one of the claims of the '459 Patent, either literally or under the doctrine of equivalents, including but not limited to claims 1, 20-24, and 26, under 35 U.S.C. § 271(e)(2)(A).

34.     Natco's commercial manufacture, use, offer for sale, sale and/or importation of the Natco ANDA Product and/or its active ingredient prior to expiration of the '459 Patent, and

Natco's inducement of and/or contribution to such conduct, would further infringe at least one of the claims of the '459 Patent, including but not limited to claims 1, 20-24, and 26, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

35.     Upon FDA approval of the Natco ANDA, Natco will infringe at least one claim of the '459 Patent under 35 U.S.C. § 271(a), including but not limited to claims 1, 20-24, and 26, either literally or under the doctrine of equivalents, by making, using, offering to sell, or selling the Natco ANDA Product in the United States or by importing the Natco ANDA Product into the United States.

36.     Upon FDA approval of the Natco ANDA, Natco will actively induce infringement of at least one claim of the '459 Patent under 35 U.S.C. § 271(b), including but not limited to claims 1, 20-24, and 26, either literally or under the doctrine of equivalents, by encouraging others, including but not limited to distributors, healthcare providers, and patients, to use, offer for sale, or sell the Natco ANDA Product in the United States, or to import the Natco ANDA Product into the United States.  Upon information and belief, Natco has knowledge of the '459 Patent and knowledge that its acts are encouraging infringement.

37.     Upon FDA approval of the Natco ANDA, Natco will contributorily infringe at least one claim of the '459 Patent under 35 U.S.C. § 271(c), including but not limited to claims 1, 20-24, and 26, either literally or under the doctrine of equivalents, by offering to sell or selling the Natco ANDA Product in the United States or by importing the Natco ANDA Product into the United States.  The Natco ANDA Product and/or its active ingredient constitute a material part of the inventions of the claims of the '459 Patent.  Upon information and belief, Natco knows that the Natco ANDA Product and/or its active ingredient are especially made or adapted for use in

infringing the '459 Patent and that the Natco ANDA Product and/or its active ingredient are not a staple article or commodity of commerce suitable for substantial non-infringing use.

38.    If Natco's marketing and sale of the Natco ANDA Product prior to expiration of the '459 Patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 11,673,877

39.    Each of the preceding paragraphs 1-38 is incorporated as if fully set forth herein.

40.    Natco Ltd.'s submission of the Natco ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Natco ANDA Product before the expiration of the '877 Patent constituted an act of infringement of at least one of the claims of the '877 Patent, either literally or under the doctrine of equivalents, including but not limited to claims 1 and 11, under 35 U.S.C. § 271(e)(2)(A).

41.    Natco's commercial manufacture, use, offer for sale, sale and/or importation of the Natco ANDA Product and/or its active ingredient prior to expiration of the '877 Patent, and Natco's inducement of and/or contribution to such conduct, would further infringe at least one of the claims of the '877 Patent, including but not limited to claim 1, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).  Natco's commercial manufacture, use, offer for sale, sale and/or importation of the Natco ANDA Product for the same treatment claimed in the '877 Patent prior to the expiration of the '877 Patent, and Natco's inducement of and/or contribution to such conduct, would further infringe at least one of the claims of the '877 Patent, including but not limited to claim 11, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

42.      Upon FDA approval of the Natco ANDA, Natco will infringe at least one claim of the '877 Patent under 35 U.S.C. § 271(a), including but not limited to claim 1, either literally or under the doctrine of equivalents, by making, using, offering to sell, or selling the Natco ANDA Product in the United States or by importing the Natco ANDA Product into the United States. Upon FDA approval of the Natco ANDA, Natco will infringe at least one claim of the '877 Patent under 35 U.S.C. § 271(a), including but not limited to claim 11, either literally or under the doctrine of equivalents, by making, using, offering to sell, or selling the Natco ANDA Product in the United States, or by importing the Natco ANDA Product into the United States, for the same treatment claimed in the '877 Patent.

43.      Upon FDA approval of the Natco ANDA, Natco will actively induce infringement of at least one claim of the '877 Patent under 35 U.S.C. § 271(b), including but not limited to claim 1, either literally or under the doctrine of equivalents, by encouraging others, including but not limited to distributors, healthcare providers, and patients, to use, offer for sale, or sell the Natco ANDA Product in the United States, or to import the Natco ANDA Product into the United States. Upon FDA approval of the Natco ANDA, Natco will actively induce infringement of at least one claim of the '877 Patent under 35 U.S.C. § 271(b), including but not limited to claim 11, either literally or under the doctrine of equivalents, by encouraging others, including but not limited to distributors, healthcare providers, and patients, to use, offer for sale, or sell the Natco ANDA Product in the United States, or to import the Natco ANDA Product into the United States, for the same treatment claimed in the '877 Patent. Upon information and belief, Natco has knowledge of the '877 Patent and knowledge that its acts are encouraging infringement.

44.    Upon FDA approval of the Natco ANDA, Natco will contributorily infringe at least one claim of the '877 Patent under 35 U.S.C. § 271(c), including but not limited to claims 1 and 11, either literally or under the doctrine of equivalents, by offering to sell or selling the Natco ANDA Product in the United States or by importing the Natco ANDA Product into the United States.  The Natco ANDA Product and/or its active ingredient constitute a material part of the inventions of the claims of the '877 Patent, including the method of treatment claimed in the '877 Patent.  Upon information and belief, Natco knows that the Natco ANDA Product and/or its active ingredient are especially made or adapted for use in infringing the '877 Patent and that the Natco ANDA Product and/or its active ingredient are not a staple article or commodity of commerce suitable for substantial non-infringing use.

45.    If Natco's marketing and sale of the Natco ANDA Product prior to expiration of the '877 Patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask that this Court grant the following relief:

(a)    A judgment that one or more claims of the Patents-in-Suit are infringed by Natco Ltd.'s submission of the Natco ANDA, and that Natco's making, using, offering to sell, or selling in the United States, or importing into the United States, the Natco ANDA Product will directly infringe, actively induce infringement, and/or contribute to the infringement of the Patents-in-Suit, either literally or under the doctrine of equivalents;

(b)    An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Natco ANDA shall be a date which is not earlier than the expiration

– 11 –

date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, or such later date as the Court may determine;

(c)    An order permanently enjoining Natco, its affiliates, subsidiaries, and each of their officers, agents, servants, and employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States, the Natco ANDA Product in any form that infringes, induces infringement, or contributes to the infringement of the Patents-in-Suit, until after the expiration date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, or such later date as the Court may determine;

(d)    Damages or other monetary relief, including costs, fees, and pre- and post-judgment interest, to Plaintiffs if Natco engages in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States the Natco ANDA Product prior to the latest expiration date of the Patents-in-Suit, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled;

(f)    Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

– 13 –

Dated: February 13, 2026

Of Counsel:

Christopher R. Noyes
Scott G. Greene
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800

Timothy A. Cook
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

MCCARTER & ENGLISH, LLP

/s/ *Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Plaintiffs GlaxoSmithKline LLC, TESARO, Inc., and Merck Sharp & Dohme LLC*