**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GLAXOSMITHKLINE LLC, TESARO, INC., and MERCK SHARP & DOHME LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NATCO PHARMA LTD. and NATCO PHARMA USA LLC,<br><br>Defendants. | ) | C.A. No. 26-CV-00168 (CFC) |

**DEFENDANTS NATCO PHARMA LTD.'S AND**
**NATCO PHARMA USA LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Natco Pharma Ltd. and Natco Pharma USA LLC (collectively "Natco" or "Defendants"), by and through their undersigned counsel, hereby respond to the separately numbered paragraphs of the Complaint filed by Plaintiffs GlaxoSmithKline LLC ("GSK"), TESARO, Inc. ("TESARO"), and Merck Sharp & Dohme LLC ("Merck") (collectively, "Plaintiffs") against Natco as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, against Defendants Natco Pharma Ltd. ("Natco Ltd.") and Natco Pharma USA LLC ("Natco USA") (collectively, "Natco").

**ANSWER:** Natco admits that this is an action that arises under the patent laws of the United States. Natco denies any patent infringement.

2. Plaintiffs invented and developed, and GSK markets, Zejula® (niraparib) tablets for the treatments of several types of cancer. This action arises out of Natco Ltd.'s submission of Abbreviated New Drug Application ("ANDA") No. 221116 (the "Natco ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell niraparib tablet products in 100 mg, 200 mg, and 300 mg strengths (the "Natco ANDA Product") prior to the expiration of U.S. Patent Nos. 11,091,459 and 11,673,877 (collectively, the "Patents-in-Suit").

**ANSWER:** Natco admits that this action arises out of Natco's submission of ANDA

No. 221116 to the FDA, which seeks approval to market niraparib tablets products in 100 mg, 200 mg, and 300 mg strengths prior to the expiration of the Patents-in-Suit. On information and belief, Natco admits GSK markets Zejula® tablets for the treatments of several types of cancer. Natco denies the balance of allegations as phrased.

## THE PARTIES

3. GSK is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 2929 Walnut Street, Ste. 1700, Philadelphia, Pennsylvania 19104.

**ANSWER:** Upon information and belief, Natco admits that GSK is a Delaware company with the above-stated principal place of business.

4. TESARO is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1000 Winter Street, Waltham, Massachusetts 02451, and is a wholly-owned subsidiary of GSK.

**ANSWER:** Upon information and belief, Natco admits that TESARO is a Delaware corporation with the above-stated principal place of business and is a wholly owned subsidiary of GSK.

5. Merck is a limited liability company formed and existing under the laws of New Jersey, with its principal place of business at 126 East Lincoln Avenue, Rahway, New Jersey 07065.

**ANSWER:** Upon information and belief, Natco admits that Merck is a New Jersey company with the above-stated principal place of business.

6. Upon information and belief, Natco Ltd. is a corporation organized and existing under the laws of India, with its principal place of business at Natco House, Road No. 2, Banjara Hills, Hyderabad, India 50034.

**ANSWER:** Admitted.

7. Upon information and belief, Natco USA, is a corporation organized and existing under the laws of Delaware, with its principal place of business at Suite C100, 300 Interpace Parkway, Parsippany, New Jersey 07054.

**ANSWER:** Admitted.

8. Upon information and belief, Natco Ltd., itself and through its subsidiaries and agents, develop, manufacture, market, distribute, and/or import pharmaceutical products for sale and use through the United States, including in Delaware.

**ANSWER:** Admitted.

9. Upon information and belief, Natco USA is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market, including in Delaware.

**ANSWER:** Natco USA admits it is in the business of, among other things, selling pharmaceutical products in the U.S. market, including Delaware. Natco USA denies it is in the business of manufacturing generic versions of branded pharmaceutical products for the U.S. market, including in Delaware.

10. Upon information and belief, Natco USA is a subsidiary of Natco Ltd. and operates under its direction and control.

**ANSWER**: Admitted.

11. Upon information and belief, the Natco ANDA was submitted for the benefit of Natco USA, and Natco USA will distribute the Natco ANDA Product in the United States, including in Delaware, upon any FDA approval of the Natco ANDA.

**ANSWER**: Natco affirmatively states that Natco will decide whether, when, and where to market Natco's ANDA Product in the United States only upon FDA approval. Natco denies the remaining allegations in Paragraph 11 as phrased.

12. Upon information and belief, following any FDA approval of the Natco ANDA, Natco will make, use, offer to sell, and/or sell the Natco ANDA Product that is the subject of the Natco ANDA throughout the United States, including in Delaware, and/or import such generic products into the United States, including into Delaware.

**ANSWER**: Natco affirmatively states that Natco will decide whether, when, and where to market Natco's ANDA Product in the United States only upon FDA approval. Natco denies the remaining allegations in Paragraph 12 as phrased.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100,

*et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Admitted.

14. This Court has personal jurisdiction over Natco USA at least because Natco USA is a corporation organized and existing under the laws of Delaware.

**ANSWER**: The allegations contained in this paragraph contain legal conclusions to which no response is required, but Natco USA does not contest personal jurisdiction in this Court solely for the purposes of the claims asserted against Natco in this case.

15. This Court has personal jurisdiction over Natco Ltd. because, among other things, Natco Ltd. has committed, contributed to, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. §§ 271(a), (b) and/or (c), including in Delaware. These acts have led and will lead to foreseeable harm and injury to Plaintiffs. For example, upon information and belief, following approval of the Natco ANDA, Natco Ltd. either directly or indirectly through affiliated companies or agents, will make, use, import, sell, and/or offer for sale the Natco ANDA Product in the United States, including in Delaware, prior to the expiration of the Patents-in-Suit.

**ANSWER**: The allegations contained in this paragraph contain legal conclusions to which no response is required, but Natco Ltd. does not contest personal jurisdiction in this Court solely for the purposes of the claims asserted

against Natco in this case. Natco denies any patent infringement and denies the remaining allegations as phrased.

16. The Court also has personal jurisdiction over Natco Ltd. because, among other things, this action arises from actions of Natco Ltd. directed toward Delaware, and because Natco Ltd. has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. Upon information and belief, Natco Ltd. regularly and continuously transacts business within Delaware, including by selling pharmaceutical products in Delaware either directly or indirectly through affiliated companies or agents, such as Natco Pharma USA LLC. Upon information and belief, Natco Ltd. derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware.

**ANSWER**: The allegations contained in this paragraph contain legal conclusions to which no response is required, but Natco Ltd. does not contest personal jurisdiction in this Court solely for the purposes of the claims asserted against Natco in this case.

17. The Court also has personal jurisdiction over Natco Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(1) or 4(k)(2) because: (a) Natco Ltd. is subject to the general jurisdiction of the laws of Delaware; and (b) to the extent that Natco Ltd. is not subject to personal jurisdiction in the courts of any state,

Plaintiffs' claims arise under federal law and Natco Ltd. has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over Natco Ltd. satisfies due process.

**ANSWER**: The allegations contained in this paragraph contain legal conclusions to which no response is required, but Natco Ltd. does not contest personal jurisdiction in this Court solely for the purposes of the claims asserted against Natco in this case.

18. Natco Ltd. and Natco USA have previously availed themselves of this forum for the purpose of litigating its patent infringement disputes. For example, Natco Ltd. and/or Natco USA have filed counterclaims in this forum, including in:

- *Novartis Pharmaceuticals Corporation et al. v. Natco Pharma Ltd.*, C.A. No.15-987-LPS (D. Del.);
- *Pharmacyclics LLC et al. v. Alvogen Pine Brook LLC and Natco Pharma Ltd.*., C.A. No. 19-434-CFC-CJB (D. Del.); and
- *Fresenius Kabi USA, LLC et al. v. Natco Pharma USA LLC*, C.A. No. 24-472-GBW (D. Del.).

**ANSWER**: The allegations contained in this paragraph contain legal conclusions to which no response is required, but Natco does not contest personal

jurisdiction in this Court solely for the purposes of the claims asserted against Natco in this case.

19. Venue is proper in this Court as to Natco Ltd. under 28 U.S.C. § 1391(c)(3) because, upon information and belief, Natco Ltd. is a foreign corporation and may thus be sued in any judicial district.

**ANSWER**: The allegations contained in this paragraph contain legal conclusions to which no response is required, but Natco Ltd. does not contest venue in this Court solely for the purposes of the claims asserted against Natco in this case.

20. Venue is proper in this Court as to Natco USA under 28 U.S.C. § 1400(b) because, *inter alia*, Natco USA is incorporated in Delaware.

**ANSWER**: The allegations contained in this paragraph contain legal conclusions to which no response is required, but Natco USA does not contest venue in this Court solely for the purposes of the claims asserted against Natco in this case.

## BACKGROUND

21. Zejula® (niraparib) is an orally available poly (ADP-ribose) polymerase (PARP) inhibitor that the FDA has approved for: (1) the maintenance treatment of adult patients with advanced epithelial ovarian, fallopian tube, or primary peritoneal cancer who are in a complete or partial response to first-line

platinum-based chemotherapy and whose cancer is associated with homologous recombination deficiency-positive status defined by either: (a) a deleterious or suspected deleterious *BRCA* mutation and/or (b) genomic instability; and (2) maintenance treatment of adult patients with deleterious or suspected deleterious germline *BRCA*-mutated (g*BRCA*mut) recurrent epithelial ovarian, fallopian tube, or primary peritoneal cancer who are in a complete or partial response to first-line platinum-based chemotherapy.

**ANSWER:** Admitted.

22. Zejula® is the first approved first-line maintenance targeted therapy approved for the treatment of all adult patients with advanced recurrent epithelial ovarian, fallopian or primary peritoneal cancer associated with HRD-positive status due to genomic instability regardless of *BRCA* mutation status. Zejula® represents a significant milestone in the treatment of ovarian cancer. Zejula® is an important step in personalized cancer treatment and offers a new maintenance therapy option to patients with recurrent ovarian cancer. Zejula® has contributed and contributes significantly to the improvement of cancer patient care in the United States.

**ANSWER:** Natco admits Zejula® is an approved first-line maintenance targeted therapy for the treatment of adult patients with advanced recurrent epithelial ovarian, fallopian or primary peritoneal cancer with HRD-positive status

due to genomic instability regardless of *BRCA* mutation status. Natco otherwise lacks sufficient information or knowledge to admit or deny the balance of the allegations and rhetoric set forth in Paragraph 22 and therefore denies the same.

23. GSK markets Zejula® in the United States, including in Delaware, pursuant to New Drug Application (NDA) No. 214876, which was approved by the FDA on April 26, 2023. GSK holds the NDA for Zejula®.

**ANSWER:** Admitted.

24. Zejula® is a commercial embodiment of the Patents-in-Suit and practices one or more of the claims of the Patents-in-Suit. All Patents-in-Suit have been properly listed in connection with Zejula® in the FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations, referred to as the "Orange Book."

**ANSWER:** Natco lacks sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 24 and therefore denies the same.

## PATENTS-IN-SUIT

25. U.S. Patent No. 11,091,459 (the "'459 Patent"), titled "Niraparib Compositions" (Ex. A), was duly and legally issued on August 17, 2021, and will expire on March 27, 2038. Merck and TESARO jointly own the '459 Patent.

**ANSWER:** Natco admits that a copy of the '459 Patent is attached to the Complaint as Exhibit A. Natco admits that Exhibit A recites the title and issue date

noted above. Natco admits the ’459 Patent will expire on March 27, 2038. Natco admits that according to the records of the USPTO, the ’459 Patent is assigned to Merck and TESARO. Natco denies that the ’459 Patent was duly and legally issued.

26. U.S. Patent No. 11,673,877 (the "’877 Patent"), titled "Niraparib Compositions" (Ex. B), was duly and legally issued on June 13, 2023, and will expire on March 27, 2038. Merck and TESARO jointly own the ’877 Patent.

**ANSWER:** Natco admits that a copy of the ’877 Patent is attached to the Complaint as Exhibit B. Natco admits that Exhibit B recites the title and issue date noted above. Natco admits the ’877 Patent will expire on March 27, 2038. Natco admits that according to the records of the USPTO, the ’877 Patent is assigned to Merck and TESARO. Natco denies that the ’877 Patent was duly and legally issued.

## NATCO’S INFRINGEMENT OF THE PATENTS-IN-SUIT

27. By letter dated January 8, 2026, Natco Ltd. notified GSK, TESARO, and Merck that Natco Ltd. had submitted the Natco ANDA to the FDA seeking approval to market niraparib tablets (100 mg, 200 mg, and 300 mg) (the "Notice Letter"). GSK, TESARO, and Merck received the Notice Letter on January 9, 2026.

**ANSWER:** Admitted.

28. By submitting the Natco ANDA, Natco Ltd. has represented to the FDA that the Natco ANDA Product has the same active ingredient as Zejula®, has the same dosage form and strength as Zejula®, and is bioequivalent to Zejula®.

**ANSWER:** Admitted.

29. Natco Ltd. stated in the Notice Letter that the Natco ANDA included a paragraph IV certification pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) with respect to the Patents-in-Suit and alleged that the Patents-in-Suit are invalid or will not be infringed by the commercial manufacture, use, or sale of the Natco ANDA Product. Accordingly, upon information and belief, Natco Ltd. had knowledge of the Patents-in-Suit no later than when the Natco ANDA was submitted to the FDA.

**ANSWER:** Admitted.

30. The Notice Letter further stated that Natco Ltd. is seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the Natco ANDA Product before the Patents-in-Suit expire. Accordingly, upon information and belief, Natco intends to engage in the manufacture, use, offer for sale, sale, and/or importation of the Natco ANDA Product immediately and imminently upon approval of the Natco ANDA.

**ANSWER:** Natco admits the Notice Letter stated, as the statute requires, that it seeks approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the Natco ANDA Product before the Patents-in-Suit expire.

Natco affirmatively states that Natco will decide whether, when, and where to market Natco's ANDA Product in the United States only upon FDA approval. Natco denies the remaining allegations in Paragraph 30.

31. This action is being commenced before the expiration of 45 days from the date of Plaintiffs' receipt of the Notice Letter.

**ANSWER:** Admitted.

## CLAIMS FOR RELIEF

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,091,459

32. Each of the preceding paragraphs 1-31 is incorporated as if fully set forth herein.

**ANSWER:** Natco incorporates its responses to the preceding paragraphs as if fully set forth herein.

33. Natco Ltd.'s submission of the Natco ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Natco ANDA Product before the expiration of the '459 Patent constituted an act of infringement of at least one of the claims of the '459 Patent, either literally or under the doctrine of equivalents, including but not limited to claims 1, 20-24, and 26, under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** The allegations contained in Paragraph 33 contain legal conclusions to which no response is required. To the extent an answer is required,

Natco admits that filing its ANDA with a Paragraph IV certification to the '459 patent is a technical act of infringement under 35 U.S.C. § 271(e)(2)(A). Natco denies the remaining allegations of Paragraph 33.

34. Natco's commercial manufacture, use, offer for sale, sale and/or importation of the Natco ANDA Product and/or its active ingredient prior to expiration of the '459 Patent, and Natco's inducement of and/or contribution to such conduct, would further infringe at least one of the claims of the '459 Patent, including but not limited to claims 1, 20-24, and 26, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

**ANSWER:** Denied.

35. Upon FDA approval of the Natco ANDA, Natco will infringe at least one claim of the '459 Patent under 35 U.S.C. § 271(a), including but not limited to claims 1, 20-24, and 26, either literally or under the doctrine of equivalents, by making, using, offering to sell, or selling the Natco ANDA Product in the United States or by importing the Natco ANDA Product into the United States.

**ANSWER:** Denied.

36. For FDA approval of the Natco ANDA, Natco will actively induce infringement of at least one claim of the '459 Patent under 35 U.S.C. § 271(b), including but not limited to claims 1, 20-24, and 26, either literally or under the doctrine of equivalents, by encouraging others, including but not limited to

distributors, healthcare providers, and patients, to use, offer for sale, or sell the Natco ANDA Product in the United States, or to import the Natco ANDA Product into the United States. Upon information and belief, Natco has knowledge of the ’459 Patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

37. Upon FDA approval of the Natco ANDA, Natco will contributorily infringe at least one claim of the ’459 Patent under 35 U.S.C. § 271(c), including but not limited to claims 1, 20-24, and 26, either literally or under the doctrine of equivalents, by offering to sell or selling the Natco ANDA Product in the United States or by importing the Natco ANDA Product into the United States. The Natco ANDA Product and/or its active ingredient constitute a material part of the inventions of the claims of the ’459 Patent. Upon information and belief, Natco knows that the Natco ANDA Product and/or its active ingredient are especially made or adapted for use in infringing the ’459 Patent and that the Natco ANDA Product and/or its active ingredient are not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Denied.

38. If Natco’s marketing and sale of the Natco ANDA Product prior to expiration of the ’459 Patent and all other relevant exclusivities are not enjoined,

Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**ANSWER:** Denied.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,673,877**

39. Each of the preceding paragraphs 1-38 is incorporated as if fully set forth herein

**ANSWER:** Natco incorporates its responses to the preceding paragraphs as if fully set forth herein.

40. Natco Ltd.'s submission of the Natco ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Natco ANDA Product before the expiration of the '877 Patent constituted an act of infringement of at least one of the claims of the '877 Patent, either literally or under the doctrine of equivalents, including but not limited to claims 1 and 11, under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** The allegations contained in Paragraph 40 contain legal conclusions to which no response is required. To the extent an answer is required, Natco admits that filing its ANDA with a Paragraph IV certification to the '877 patent is a technical act of infringement under 35 U.S.C. § 271(e)(2)(A). Natco denies the remaining allegations of Paragraph 40.

41. Natco's commercial manufacture, use, offer for sale, sale and/or importation of the Natco ANDA Product and/or its active ingredient prior to expiration of the '877 Patent, and Natco's inducement of and/or contribution to such conduct, would further infringe at least one of the claims of the '877 Patent, including but not limited to claim 1, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c). Natco's commercial manufacture, use, offer for sale, sale and/or importation of the Natco ANDA Product for the same treatment claimed in the '877 Patent prior to the expiration of the '877 Patent, and Natco's inducement of and/or contribution to such conduct, would further infringe at least one of the claims of the '877 Patent, including but not limited to claim 11, either literally or under the doctrine of equivalents, under 35 U.S.C. §§ 271(a), (b), and/or (c).

**ANSWER:** Denied.

42. Upon FDA approval of the Natco ANDA, Natco will infringe at least one claim of the '877 Patent under 35 U.S.C. § 271(a), including but not limited to claim 1, either literally or under the doctrine of equivalents, by making, using, offering to sell, or selling the Natco ANDA Product in the United States or by importing the Natco ANDA Product into the United States. Upon FDA approval of the Natco ANDA, Natco will infringe at least one claim of the '877 Patent under 35 U.S.C. § 271(a), including but not limited to claim 11, either literally or under

the doctrine of equivalents, by making, using, offering to sell, or selling the Natco ANDA Product in the United States, or by importing the Natco ANDA Product into the United States, for the same treatment claimed in the ’877 Patent.

**ANSWER:** Denied.

43. Upon FDA approval of the Natco ANDA, Natco will actively induce infringement of at least one claim of the ’877 Patent under 35 U.S.C. § 271(b), including but not limited to claim 1, either literally or under the doctrine of equivalents, by encouraging others, including but not limited to distributors, healthcare providers, and patients, to use, offer for sale, or sell the Natco ANDA Product in the United States, or to import the Natco ANDA Product into the United States. Upon FDA approval of the Natco ANDA, Natco will actively induce infringement of at least one claim of the ’877 Patent under 35 U.S.C. § 271(b), including but not limited to claim 11, either literally or under the doctrine of equivalents, by encouraging others, including but not limited to distributors, healthcare providers, and patients, to use, offer for sale, or sell the Natco ANDA Product in the United States, or to import the Natco ANDA Product into the United States, for the same treatment claimed in the ’877 Patent. Upon information and belief, Natco has knowledge of the ’877 Patent and knowledge that its acts are encouraging infringement.

**ANSWER:** Denied.

44. Upon FDA approval of the Natco ANDA, Natco will contributorily infringe at least one claim of the ’877 Patent under 35 U.S.C. § 271(c), including but not limited to claims 1 and 11, either literally or under the doctrine of equivalents, by offering to sell or selling the Natco ANDA Product in the United States or by importing the Natco ANDA Product into the United States. The Natco ANDA Product and/or its active ingredient constitute a material part of the inventions of the claims of the ’877 Patent, including the method of treatment claimed in the ’877 Patent. Upon information and belief, Natco knows that the Natco ANDA Product and/or its active ingredient are especially made or adapted for use in infringing the ’877 Patent and that the Natco ANDA Product and/or its active ingredient are not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Denied.

45. If Natco’s marketing and sale of the Natco ANDA Product prior to expiration of the ’877 Patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**ANSWER:** Denied.

## RESPONSE TO PRAYER FOR RELIEF

Natco denies that Plaintiffs are entitled to any of the relief requested by the Complaint, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

Natco asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted. Natco does not assume the burden of proof on any such defenses, except as required by the applicable law with respect to the particular defense asserted. Natco reserves the right to assert other defenses and/or to otherwise supplement or amend its Answer and Affirmative Defenses to the Complaint upon discovery of facts or evidence rendering such action appropriate.

### FIRST DEFENSE
### (Non-Infringement of the ’459 Patent)

For the reasons stated in in the detailed statement of the legal and factual basis for its Paragraph IV Certification included with the Notice Letter that is the subject of Paragraph 27 of the Complaint, no claim of the ’459 patent would be infringed, either directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents, upon approval of Natco’s ANDA Product.

**SECOND DEFENSE**
**(Invalidity of the ’459 Patent Based on Title 35 of the U.S. Code)**

Based on information and belief based on investigation to date, one or more claims of the ’459 patent are invalid to a person having ordinary skill in the art, and for otherwise failing to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103, and/or 112.

**THIRD DEFENSE**
**(Non-Infringement of the ’877 Patent)**

For the reasons stated in in the detailed statement of the legal and factual basis for its Paragraph IV Certification included with the Notice Letter that is the subject of Paragraph 27 of the Complaint, no claim of the ’877 patent would be infringed, either directly, indirectly, contributorily, by inducement, literally, or under the doctrine of equivalents, upon approval of Natco’s ANDA Product.

**FOURTH DEFENSE**
**(Invalidity of the ’877 Patent Based on Title 35 of the U.S. Code)**

Based on information and belief based on investigation to date, one or more claims of the ’877 patent are invalid to a person having ordinary skill in the art, and for otherwise failing to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103, and/or 112.

**FIFTH DEFENSE**
**(Lack of Irreparable Harm)**

Plaintiffs have planned for, and in fact anticipated, the filing of several ANDA applications with the FDA for the approval of generic forms of its Zejula® product for many years. Accordingly, should Natco's ANDA product be approved and should it further be sold in the United States market, Plaintiffs would not be irreparably harmed as a result of such anticipated competition. Further, should such sales occur, there are adequate remedies at law available, assuming such sales are found to infringe the patents in suit. Moreover, considering the balance of hardships between the parties, and the public interest in fostering the prompt introduction of generic pharmaceuticals to the market, the equitable remedy of a permanent injunction is not warranted in any event.

**SIXTH DEFENSE**
**(Additional Defenses or Counterclaims)**

Natco reserves all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent laws and any additional defenses or counterclaims that discovery may reveal including that Plaintiffs have failed to state a claim upon which relief may be granted and that Plaintiffs have failed to aver any facts supporting that this is an exceptional case and an award of attorney's fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Natco respectfully requests that this Court enter a judgment in its favor and against Plaintiffs as follows:

(a) Dismissing the Complaint with prejudice and entering judgment for Natco;

(b) Enjoining Plaintiffs, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with Plaintiffs from threatening to assert or otherwise attempting to enforce the ’459 and ’877 patents against Natco, its customers, suppliers, or anyone in privity with Natco;

(c) Declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Natco its reasonable attorneys’ fees and costs incurred in this action;

(d) Awarding Natco its costs and expenses incurred in this action; and

(e) Awarding Natco such other and further relief as this Court may deem proper.

POTTER ANDERSON & CORROON LLP

By: */s/ Tyler E. Cragg*
Nicole K. Pedi (#6236)
Tyler E. Cragg (#6398)
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington, DE 19801
(302) 984-6214
npedi@potteranderson.com
tcragg@potteranderson.com

*Attorneys for Natco Pharma Ltd. and Natco Pharma USA LLC*

OF COUNSEL:

Christopher J. Sorenson
River Lord
MERCHANT & GOULD PC
150 South Fifth Street, Suite 2200
Minneapolis, Minnesota 55402
(612) 332-5300
csorenson@merchantgould.com
rlord@merchantgould.com

Jason M. Wiener
MERCHANT & GOULD PC
191 Peachtree Rd NE
Suite 3800
Atlanta, GA 30303
(404) 954-5100
jwiener@merchantgould.com

Joanna Garelick Goldstein
Andrew O. Larsen, Ph.D.
MERCHANT & GOULD PC
500 Fifth Avenue
Suite 4100
New York, NY 10110
(212) 223-6520
jgoldstein@merchantgould.com
alarsen@merchantgould.com

Dated: March 6, 2026